IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00931-GPG

ROBIN MYERS,

    Plaintiff,

v.

STATE OF COLORADO, *et al.*,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED TITLE VII COMPLAINT

---

    Plaintiff, Robin Myers, has filed *pro se* a Title VII Complaint (ECF No. 1). She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The court must construe the Title VII Complaint liberally because Ms. Myers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Ms. Myers will be ordered to file an amended complaint.

    The court has reviewed the Title VII Complaint and finds that the document fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R.

Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Myers fails to provide a short and plain statement of her claims showing she is entitled to relief. Although Plaintiff indicates in the Title VII Complaint that she was discriminated against because of her race and religion (*see* ECF No. 1, at 2), she fails to allege specific facts to demonstrate that she was discriminated against in the terms and conditions of her employment because of her race and religion. Ms. Myers also fails to indicate whether she has exhausted administrative remedies.

Furthermore, Ms. Myers is reminded that the only proper defendant in a Title VII action is her employer or former employer. *See Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir.1996) recognizing that Title VII creates a private right of action against employers who allegedly performed unlawful employment practices); *McBride v. Gallegos*, No. 02-4216, 72 F. App'x 786, 788 (10th Cir. July 30, 2003) (unpublished) (affirming dismissal of defendant in Title VII action who was not the plaintiff's employer). As such, the additional nine defendants listed in the Title VII Complaint (*see* ECF No. 1, at 4-5) should not be named as defendants in the Amended Complaint.

Finally, the claims asserted in the Title VII Complaint appear to be duplicative of the § 1983 claims Ms. Myers asserted in a previous action – *Robin Myers v. State of Colorado, et* al., 14-cv-03005-LTB. In that action, all of the federal claims were dismissed with prejudice on December 17, 2014, and the Court declined to exercise supplemental jurisdiction over any state law claims. Claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation. *See McWIlliams v. State of* Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished). Furthermore, res judicata, or claim preclusion, applies to limit a party from bringing before the court a matter that has been or could have been raised in an earlier proceeding. *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). The federal claims brought in the prior action should not be re-asserted in Plaintiff's Amended Complaint.

Ms. Myers must file an amended complaint against an employer or former employer if she wishes to pursue Title VII claims in this action. Plaintiff must allege specific facts to support claims that she was discriminated against on the basis of her race or religion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally

has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Ms. Myers file, **within thirty (30) days from the date of this order**, an Amended Title VII Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Ms. Myers shall obtain the court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Myers fails to file an Amended Title VII Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 4, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge