IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00931-GPG

ROBIN MYERS,

    Plaintiff,

v.

STATE OF COLORADO, *et al.*,

    Defendants.

___

ORDER TO FILE (SECOND) AMENDED TITLE VII COMPLAINT

___

    Plaintiff, Robin Myers, has filed *pro se* a Title VII Complaint (ECF No. 1). She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On May 4, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Title VII Complaint and determined that it was deficient because it failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, appeared to be duplicative or a previous action that was dismissed with prejudice, and named Defendants that were not the Plaintiff's employer. (ECF No. 5). Magistrate Judge Gallagher ordered Ms. Myers to file an amended complaint within thirty days of the May 4 Order. (*Id.*). Plaintiff filed an "Amended Complaint" on May 29, 2015. (ECF No. 6).

    The court must construe the "Amended Complaint" liberally because Ms. Myers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Ms. Myers will be given one final opportunity to cure the defects in her

pleadings.

The "Amended Complaint" is deficient because it is not filed on the court-approved Title VII form, contrary to the Court's directive in the May 4 Order. In addition, the "Amended Complaint" fails to identify any Defendants. The first page of the "Amended Complaint" is titled "Second Claim for Relief." (ECF No. 6, at 1). It appears that Ms. Myers wants the court to construe her original Title VII Complaint and the "Amended Complaint" together.

The Court is not required to construe together Plaintiff's original Title VII Complaint and "Amended Complaint." Ms. Myers is reminded that an amended complaint supercedes and replaces the original and all other prior complaints. *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir.1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .") (internal quotation marks omitted). Plaintiff will be afforded one final opportunity to assert her Title VII claims in a (Second) Amended Title VII Complaint, filed on the court-approved Title VII form.

Ms. Myers is reminded that, pursuant to the directives in the May 4 Order, her (Second) Amended Title VII Complaint must comply with the pleading requirements of Fed. R. Civ. 8 by providing a short and plain statement of her claims showing that she is entitled to relief under Title VII, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination in the terms and conditions of her employment. To state a claim in federal court, Plaintiff "must explain what [the defendant] did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Ms. Myers is reminded that she must state in the amended pleading whether she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and if so, whether and on what date she received a notice of right to sue letter from the EEOC. Ms. Myers should attached relevant documentation demonstrating her exhaustion of administrative remedies, if possible.

Ms. Myers is further reminded that the only proper Defendant to a Title VII action is her employer, the State of Colorado. *See Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir.1996) recognizing that Title VII creates a private right of action against employers who allegedly performed unlawful employment practices); *McBride v. Gallegos*, No. 02-4216, 72 F. App'x 786, 788 (10th Cir. July 30, 2003) (unpublished) (affirming dismissal of defendant in Title VII action who was not the plaintiff's employer). As such, the additional nine defendants listed in the original Title VII Complaint (*see* ECF No. 1, at 4-5) should not be named as defendants in the (Second) Amended Title VII Complaint.

Ms. Myers may not assert claims in this action that are duplicative of the claims asserted in Case No. 14-cv-03005-LTB. In Case No. 14-cv-03005-LTB, all of the federal claims were dismissed with prejudice on December 17, 2014, and the Court

declined to exercise supplemental jurisdiction over any state law claims. Accordingly, if Ms. Myers attempts to reassert the previously-dismissed federal claims in the (Second) Amended Title VII Complaint, the claims will be dismissed as legally frivolous. *See McWIlliams v. State of* Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997) (claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished).

Finally, Plaintiff is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with court orders, or with the requirements of Fed. R. Civ. P. 8, the dismissal may act as a dismissal with prejudice if Plaintiff seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on her claims. *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC). Accordingly, it is

ORDERED that Ms. Myers file, **within thirty (30) days from the date of this order**, an (Second) Amended Title VII Complaint that complies with the directives in this Order and in the May 4, 2015 Order. It is

FURTHER ORDERED that Ms. Myers shall obtain the court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall use the court-approved form in filing her (Second) Amended Title VII Complaint. It is

FURTHER ORDERED that, if Ms. Myers fails to file a (Second) Amended Title VII Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 2, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge