IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00931-GPG

ROBIN MYERS,

      Plaintiff,

v.

STATE OF COLORADO,
HALLIBURTON RISK MANAGEMENT,
CHARLES SCHWAB,
LSC FINANCIAL,
KELLY-ANTHEM BLUE CROSS,
RICOH BUSINESS SOLUTIONS,
UNITED HEALTH CARE MILITARY AND VETERANS/TRICARE,
TIME WARNER CABLE,
COVERGYS, and
KAISER PERMANENTE - INS,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Robin Myers, resides in Aurora, Colorado.  Ms. Myers initiated this

action on May 1, 2015, by filing, *pro se*, a Title VII Complaint (ECF No. 1).

## I. Procedural History

On May 4, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Title VII

Complaint and determined that it was deficient because it failed to comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; appeared to be

duplicative of a previous action filed by Plaintiff that was dismissed with prejudice; and,

named Defendants who were not the Plaintiff's employer.  (ECF No. 5).  Magistrate

Judge Gallagher ordered Ms. Myers to file an amended complaint within thirty days of

the May 4 Order.  (*Id.*).  Plaintiff filed an "Amended Complaint" (ECF No. 6) on May 29,
2015.

In a June 2, 2015 Order, Magistrate Judge Gallagher reviewed the "Amended
Complaint" and determined that it was deficient because it was not filed on the court-
approved Title VII Complaint form, contrary to the Court's directive in the May 4 Order,
and failed to identify any defendants.  (ECF No. 7).  The "Amended Complaint" made
conclusory assertions of "Defamation, slander, libel," and included 23 pages of
accusations unrelated to any specific claims or defendants.  (ECF No. 6).  Accordingly,
Ms. Myers was ordered to file, within 30 days, a Second Amended Complaint that
complied with Fed. R. Civ. P. 8; that was not duplicative of claims that Plaintiff asserted
in her previous case civil rights case; and, that named only her former employer as a
defendant if she intended to pursue relief under Title VII.  (ECF No. 7). Ms. Myers was
further reminded that she must state in the amended pleading whether she filed a
charge of discrimination with the Equal Employment Opportunity Commission (EEOC),
and if so, whether and on what date she received a notice of right to sue letter from the
EEOC.  (*Id.*).  Plaintiff was directed to attach relevant documentation demonstrating her
exhaustion of administrative remedies, if possible.  (*Id.*).  Plaintiff filed a "(Second)
Amended Complaint" (ECF No. 9) on July 6, 2015.

## II.  Review of Second Amended Complaint

Plaintiff has been granted leave to proceed pursuant to the federal *in forma
pauperis* statute, 28 U.S.C. § 1915 (2013).  Subsection (e)(2)(B) of § 1915 requires a
court to dismiss *sua sponte* an action at any time if the action is frivolous or seeks
monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the "(Second) Amended Complaint" liberally because Ms. Myers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed.

### A. Title VII claim

#### 1. Pleading deficiencies

To the extent Ms. Myers is attempting to sue her former employer, the State of Colorado, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the (Second) Amended Complaint is not filed on a court-approved Title VII Complaint form, as directed in the June 2 Order. Further, Plaintiff fails to allege that she exhausted her administrative remedies by filing a charge of discrimination with the EEOC and receiving a notice-of-right-to-sue letter. A recent Tenth Circuit decision suggests that exhaustion of administrative remedies is a condition precedent to suit under Title VII, rather than a jurisdictional requirement. *See Gad v. Kansas State Univ.*, 787 F.3d 1032, 1038-1041 (10th Cir. May 27, 2015). Regardless, Plaintiff must affirmatively plead exhaustion. *Id.* at 1041.

In addition, the (Second) Amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8 because Ms. Myers  does not provide a short and

plain statement of her claims showing that she is entitled to relief under Title VII, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination in the terms and conditions of her employment. Ms. Myers was warned in the two previous orders to amend that to state a claim in federal court, she "must explain what [the defendant] did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, the only proper Defendant to a Title VII action is Plaintiff's former employer, the State of Colorado. *See Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir.1996) recognizing that Title VII creates a private right of action against employers who allegedly performed unlawful employment practices); *McBride v. Gallegos*, No. 02-4216, 72 F. App'x 786, 788 (10th Cir. July 30, 2003) (unpublished) (affirming dismissal of defendant in Title VII action who was not the plaintiff's employer). As such, Ms. Myers cannot maintain a Title VII claim against Defendants Halliburton, Charles Schwab, LSC Financial, Kelly-Anthem Blue Cross, Ricoh Business Solutions, Time Warner Cable, Convergys, and Kaiser Permanente.

The Title VII claim will be dismissed.

**2. Application of *Ehrenhaus* factors**

Because any future Title VII claim may be time-barred, the Court addresses

4

whether the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992), support dismissal.  *See Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1161 (10th Cir. 2007) (recognizing that if the dismissal of a case without prejudice operates as a dismissal with prejudice, the court "must first consider certain criteria."). The court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 918.

Under the first factor, the Defendants will not suffer any prejudice if this action is dismissed because they have not yet been served.

Second, the efficient administration of justice is disadvantaged by Plaintiff's failure to prosecute her case and to comply with court orders. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003).  Ms. Myers' repeated refusal to comply with the Court's directives set forth in the May 4 and June 2 and orders to amend evidences a lack of respect for the Court and the judicial process.

Under the third *Ehrenhaus* factor, the Court finds that Ms. Myers is responsible for her failure to comply with the directives in the May 4 and June 2 Orders.  Magistrate Judge Gallagher gave sufficient and repeated notice to Plaintiff about the deficiencies in her pleadings.  (*See* ECF Nos. 5 and 7). The Court finds that Ms. Powers bears full responsibility for her failure to comply with the directives set forth in the May 4 and June 2 Orders directing her to file an amended and second amended complaint.  (*See*

5

*Nasious*, 492 F.3d at 1163 (stating that "the more helpful the notice, . . ., the greater the culpability a pro se litigant bears in noncompliance.").

Under the fourth *Ehrenhaus* factor, the Court finds that Magistrate Judge Gallagher warned Ms. Powers expressly that dismissal of the action without further notice would be a likely sanction for noncompliance with the May 4 and June 2 Orders. (ECF Nos. 5 and 7).   Magistrate Judge Gallagher further warned Ms. Powers in the June 2 Order that her Title VII claim may be time-barred and, therefore, dismissal of this action may prejudice her ability to file a new action.  (ECF No. 7, at 4).

And, finally, the Court finds that a lesser sanction than dismissal is not warranted. The Court is mindful that "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n. 7 (10th Cir.1988) (citations omitted)).  Ms. Powers has twice failed to comply with court orders directing her to file an amended complaint in compliance with the Court's directives.  Following the first order, issued on May 4, 2015, she filed a non-conforming Amended Complaint.  In response to the second order, issued on June 2, 2015, Plaintiff filed a non-conforming (Second) Amended Complaint.  Ms. Powers's failure to comply with two court orders supports a finding of wilful conduct supporting the sanction of dismissal of the Title VII claim against the State of Colorado.

### B. § 1983 claims

Plaintiff's "Amended Complaint" (ECF No. 6) indicates that she may be attempting to assert § 1983 defamation claims against the Defendants.  If so, the claims

6

are duplicative of the § 1983 claims that she asserted against the same Defendants in Case No. 14-cv-03005-LTB.  In Case No. 14-cv-03005-LTB, all of the federal claims were dismissed on December 17, 2014, and the Court declined to exercise supplemental jurisdiction over any state law claims.  (*See* No. 14-cv-03005-LTB, at ECF No. 7). Accordingly, any § 1983 defamation claims asserted against those Defendants in this action will be dismissed as legally frivolous.  *See McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (claims may be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2) if they duplicate previous litigation) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Griffin v. Zavaras*, No. 09-1165, 336 F. App'x 846, 849 (10th Cir. July 14, 2009) (unpublished).

Moreover, if Plaintiff purports to assert § 1983 claims against the private entity Defendants that were not asserted in Case No. 14-cv-03005-LTB, the claims are barred because they are premised on the same factual allegations as the prior action, are asserted against the same Defendants, and, therefore, could have been presented in the earlier case.  Res judicata, or claim preclusion, applies to limit a party from bringing before the court a matter that has been or could have been raised in an earlier proceeding.  *See Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Further, there are no facts alleged in the (Second) Amended Complaint to suggest that the private entity Defendants may be held liable under § 1983.  "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how

7

discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted). A private actor may be subject to liability under § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quotation marks and citations omitted). However, if a plaintiff "attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted). Plaintiff has failed to meet this burden.

Furthermore, although new § 1983 claims against the State of Colorado would not be barred by res judicata, *see Haywood v. Drown*, 556 U.S. 729, 766 (2009), they are precluded by the doctrine of Eleventh Amendment immunity. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007); *Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

## III. Orders

For the reasons set forth above, it is

ORDERED that the (Second) Amended Complaint (ECF No. 9) and this action are DISMISSED as follows:

(1) To the extent Ms. Myers is attempting to assert an employment

discrimination claim against the State of Colorado pursuant to Title VII, the claim is dismissed without prejudice for Plaintiff's failure to: file her (Second) Amended Complaint on the court-approved Title VII Complaint form; allege facts to show that she exhausted her administrative remedies; and, comply with Fed. R. Civ. P. 8.

(2) Any federal claims asserted against Defendants Halliburton, Charles Schwab, LSC Financial, Kelly-Anthem Blue Cross, Ricoh Business Solutions, Time Warner Cable, Convergys, and Kaiser Permanente are dismissed with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(b).

(4) The Court declines to exercise supplemental jurisdiction over any state law claims.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. Myers files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED July 24, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court